UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                            ORDER

VIRGINIA BLANCO,                             16-CR-408 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

        Before the Court is Defendant Virginia Blanco's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 186), and the Government's opposition thereto, (Doc. 188).

        Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*,

976 F.3d 228, 237 (2d Cir. 2020).[1]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant was convicted of conspiracy to commit bank robbery, bank robbery and discharge of a weapon during and in relation to a crime of violence, and was sentenced principally to ten years and one day in prison.  (Doc. 161.)  That sentence was essentially the applicable mandatory minimum, and well below Defendant's advisory Sentencing Guidelines range of 183-198 months.  (Presentence Report ("PSR") at 17.)  She has served approximately 31 months.

Defendant argues for a reduction to time served, stating that she suffers from depression, post-traumatic stress disorder, high cholesterol and obesity, which, she alleges, place at her at elevated risk for a severe case of COVID-19.  She adds that she has had only one minor discipline in prison; that she has been taking classes, working and helping other inmates with GED studies; and that her mother is having difficulty caring for her three children.[2]  She acknowledges that she has already had COVID-19 but says that some of her symptoms – which she says included fever, aches, labored breathing and loss of taste and smell – continue.  Her medical records from the Bureau of Prisons ("BOP") reflect depression (treated with medication), borderline high cholesterol and obesity.  They also show a diagnosis of COVID-19 based on a December 8, 2020 swab; no complaints of symptoms other than body aches and loss

---

[1] The Government needs to update its boilerplate.

[2] Defendant does not address the availability of the children's fathers, who at the time of sentencing were both involved in the care of their offspring, or other family members.  (*See* PSR ¶¶ 53-58.)

of taste and smell; and a notation that her case is resolved as of January 7, 2021.[3] In other words, happily, Defendant did not suffer a severe case and has recovered.

Now that she has been diagnosed with the disease and weathered it, a sentence reduction based on the risk of contracting it no longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Further, reinfections are "vanishingly rare," https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition=1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition=3.

Nor, sad to say, is Defendant's family situation extraordinary. Being unavailable to assist family members is one of "the sad and inevitable consequences of incarceration." *United*

---

[3]The Court will file the medical records under seal.

*States v. John*, No. 15-CR-208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on" her mother, it is not an extraordinary and compelling circumstance. *Id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

Defendant's efforts in prison are commendable, but "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). While I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), I do not find that the combination of circumstances here rises to that level. Making good use of one's time in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

The Government concedes, however, that because Defendant's body mass index exceeds 30, and obesity is a condition identified by the Centers for Disease Control ("CDC") as

presenting an increased risk for a severe case if one comes down with COVID-19,[4] extraordinary and compelling circumstances exist.  I do not agree, given that Defendant has contracted COVID-19, did not have a severe case, and is unlikely to contract it again, let alone suffer a severe case.  Further, the outbreak at FCI Danbury, where Defendant is housed, seems to have resolved, with only one current inmate case, down from a high of ninety-seven in mid-December.  But I will assume for the sake of argument that Defendant's situation constitutes extraordinary and compelling circumstances, and go on to address the § 3553(a) factors.

Those factors militate against a reduction to time served of Defendant's already below-Guidelines sentence.  Defendant's crimes were serious: she was the insider in a bank robbery that was terrifying and violent, including the pistol-whipping of a bank employee and the firing of two shots.  While Defendant's co-conspirators were the ones in the bank, Defendant provided critical information allowing them to pull off the robbery, was deeply involved in the planning, easily could have foreseen the violence that ensued, and profited from the crime, which netted over $300,000.  She was already a mother at the time.  There were no particular mitigating factors in Defendant's background, as she had a respectable job, education, family support and no history of abuse or neglect.  Her disrespect for the law was demonstrated not only by her participation in the charged offenses (including advice on how to avoid detection), but by her repeated, blatant lies to the FBI after the fact.  She has not accepted responsibility for her conduct.  I agree with the Government that reducing her sentence by approximately 75% would not sufficiently account for the seriousness of the offense, would not amount to just punishment, would not address Defendant's disrespect for the law, and would insufficiently deter other

---

[4] The other conditions to which Defendant points have not been identified by the CDC as posing an increased risk.

insiders. In short, the § 3553(a) factors would dictate that Defendant remain behind bars at this time, even if her situation rose to the level envisioned by § 3582(c)(1)(A).

That said, the Government makes some unjustified assumptions, such as "the Court appropriately determined that a sentence of 10 years in prison was necessary and warranted," (Doc. 188 at 5), and "a sentence reduction . . . would be tantamount to reading the Court's discretion and consideration of the Section 3553(a) factors out of the statute . . . .," (*id.*). I had no discretion to sentence Defendant to less than ten years, so I did not conclude that ten years was the sentence warranted by the conduct. I imposed the minimum required by law, and concluded that no greater sentence was warranted. I do not rule out the possibility that at some point, presumably when Defendant has served significantly more time, a sentence reduction could be warranted if extraordinary and compelling circumstances exist. I recognize that § 3582(c)(1)(A) gives a court the authority to reduce a sentence without reducing it to time served, but a court cannot reduce a sentence just because it may think a mandatory minimum sentence was too high in the first place. Any sentence reduction under § 3582(c)(1)(A) has to be justified by the extraordinary and compelling circumstances that exist at the time. *See* 18 U.S.C. § 3582(c)(1)(A) (court may reduce sentence if "extraordinary and compelling reasons warrant such a reduction"). I do not find the current circumstances to warrant a reduction, but if Defendant's circumstances change, and those changed circumstances justify a reduction, she may reapply.

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate Doc. 186 and send a copy of this Order to Virginia Blanco, No. 79564-054, FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT 06811.

Dated: February 22, 2021
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.