UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

The Honorable Judge Cathy Seibel



UNITED STATES OF AMERICA,

                Plaintiff,

V.                                  7:16-CR-00408-CS-3

Virginia Blanco,

                Defendant.

---

# RECONSIDERATION OF COMPASSIONATE RELEASE MOTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

TO UNITED STATES DISTRICT JUDGE: Honorable Cathy Seibel

**Honorable Judge Seibel,**

Defendant, Virginia Blanco filed a Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)(i) with this court on February 11, 2021. Eleven days later the motion was denied. Defendant now brings this motion for reconsideration with new information which was not available at the time of the initial filing.

1

Firstly, Defendant wishes to address her dire family situation as pertains to her children. As the court is well aware, Ms. Blanco is the mother of three children, ages 2, 3 and 12. Prior to beginning her term of imprisonment, Ms. Blanco made every effort to arrange for the care of her children during her incarceration. Defendant's mother agreed to take care of her three grandchildren while Defendant was absent. The court states in their decision denying compassionate release (Document 189, footnote 2) that:

*"Defendant does not address the availability of the children's fathers, who at the time of sentencing were both involved in the care of their offspring, or other family members."*

While it was true that at the time of sentencing that the father of Ms. Blanco's children was supportive both financially and being physically present at times, sadly neither remain to be true today, not to any extent. This has placed an extreme hardship on Defendant's mother who suffers debilitating conditions which directly impede her ability to properly care for the children. While Defendants mother was previously suffering from various medical conditions prior to Defendants incarceration, her situation has and continues to rapidly deteriorate. She has been declared permanently disabled and is in need of multiple surgeries.

Under 18 U.S.C. § 3582(c)(1)(A), The court may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons exist. Also, under Policy Statement 1B1.13 the court is given further guidance in having to determine whether or not a defendant is a danger to themselves or the community. While there is no limitation on what factors the court is able to consider, Application Note 1 paragraph 3 to this policy statement specifically mentions a situation in which Ms. Blanco now finds herself in.

Defendant submits that extraordinary and compelling reasons exist far beyond what a similarly situated defendant (at the time of sentencing) could expect to be faced with. Defendant is not a danger to herself nor to anyone in the community. Immediate employment can and will be secured by Defendant enabling her to care for and provide for her children as well as begin to make whole, the restitution ordered by this court.

Ms. Blanco requests an emergency evidentiary hearing on this issue so the court is able to personally hear from defendants mother and/or any medical professionals so as to better

2

understand the urgency of the situation. If the court is not inclined to hold a Hearing, Defendant can submit her mother's recent medical records, under seal, should the court so request.

The court also rightly pointed out that Ms. Blanco has only served approximately 31 months of her 120 month sentence. Defendant realizes certain "thresholds" in the amount of time she has served thus far have not been met. However, it is within the courts discretion to determine how much is really enough when weighing 3553 factors.

There seems to be a disparity within the Bureau of Prisons that cannot be overlooked. For example:

Jasmir Humphrey (BOP# 72199-050), an offender previously incarcerated at FCI Danbury with Defendant, was recently released to Home Confinement. Ms Humphrey arrived into the BOP in December, 2020 to begin serving an 11 year sentence for "smuggling drugs into prison." Three months after arriving, with a release date of 2030 and no serious medical condition, Ms. Humphrey was released to Home Confinement. Then there's Nicole Roskos (BOP #15814-049), described by the New Hampshire US Attorney's Office as responsible for introducing fentanyl to the state. Nikole had a 924(c) conviction as well as drug distribution charges. With several years still remaining on her sentence and with the only "medical condition" being that she was a "smoker", she was released to Home Confinement.

Your Honor, there is zero chance that Ms. Blanco will ever reoffend. She has never lived a criminal lifestyle and has worked hard her entire life to support herself and her family. Although, almost 32 months incarceration served so-far, may not seem enough to the court, when taken in combination with how the defendant has utilized those months to better herself and others around her as well as her family situation which places not only her children in jeopardy but contributes negatively to Ms. Blanco's diagnosis of depression and her mental health in general, extraordinary and compelling reasons do exist.

Ms. Blanco is ready to re-enter society. She is not a threat to anyone and there are a combination of conditions which the court could impose to ensure Ms Blanco's compliance and success.

3

Respectfully Submitted,

*/s/ VB*

Virginia Blanco #79564-054

FCI Danbury

Federal Correctional Institution

Route 37

Danbury, CT  06811

4

Virginia Blanco 79564-054
33 ½ Pembroke Rd
Danbury, CT 06811

NEW YORK NY 100
3 APR 2021 PM 14 L

RECEIVED
APR 05 2021
CHAMBERS OF
CATHY SEIBEL
U.S.D.J.

USDNY SDNY

Honorable Cathy Seibel
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

10601-415099