Hon. Cathy Seibel
United States District Court Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601



Virginia Blanco 79564-054 FDC Philadelphia
Federal Detention Center PO. Box 562
Philadelphia, PA 19105

August 19, 2022

Re: U.S.A v. Blanco
16 Cr. 408 (CS)
28 U.S.C. § 2255

RE: United States V. Taylor

Dear Judge Seibel,

Ms. Blanco is aware that United States V. Taylor was a conviction of attempted Hobbs act robbery 18 U.S.C § 1951(b) and Ms. Blanco's alleged bank robbery conviction of 18 U.S.C. § 2113(a) & 2 is an actual robbery.

The Government cannot establish that Ms. Blanco aided and abetted in the use, carrying, possession and discharge of a firearm during and in relation to the bank robbery.

Ms. Blanco has basic knowledge of the elements required to convict under 18 U.S.C. §§ 2113(a) and what a **Crime of violence defined is** Under Title 18 U.S.C. §§ 16 and what the ten (10) year enhancement required for an 18 U.S.C. §§ 924(c)(1)(A)(iii) is when a firearm is discharged during a crime of violence.

Ms. Blanco's argument is:
In 2003, Justin Eugene Taylor sold marijuana in Richmond, Virginia. He and an accomplice planned (Conspired) to steal money from Martin Silvester, a prospective buyer. Ms. Blanco and Giovanni Marte never conspired to steal money from the Wells Fargo Bank. The Government can not prove that Ms. Blanco conspired with Giovanni Marte. It is well established in this circuit that an aider and abetter generally cannot be convicted unless he consciously assisted the commission of the specific crime in some active way. Here the Government can not establish Ms. Blanco assisted the commission of the specific crime in any way. After meeting Silvester in an alley, the accomplice pulled out a semiautomatic pistol and tried to take Silvester's cash while Taylor waited nearby in a getaway car. Ms. Blanco was not aware nor can the Government prove Ms. Blanco was aware that her alleged co-Defendant would carry or be in possession of a firearm. The langue of the statue requires proof that Ms. Blanco performed some act that directly facilitated or encourage the use or carrying of a firearm. Unlike Taylor who was waiting nearby in a getaway car Ms. Blanco who was geographically distant from the crime and played no supportive role as the robbery took place did not discharge a firearm nor did she have prior knowledge that one would be used. Silvester resisted, and the accomplice fatally shot him. Taylor and the accomplice fled the scene, having failed to collect Silvester's money. The Government can not prove that Ms. Blanco received any of the proceeds from the robbery.

The Government can not establish Ms. Blanco used physical force nor can the Government establish Ms. Blanco threatened or attempted to use physical force therefore Ms. Blanco's 924c charge does not meet the elements required to qualify as a crime of violence. (Please see Ms. Blanco's 28 U.S.C. § 2255 arguments)

According to The Honorable Cathy Seibel at Ms. Blanco's final pre-trial conference, Ms. Blanco is only guilty of conspiracy. Even that statement is hard to prove and Ms. Blanco wishes to be heard on that

ground as well. (Please see Ms. Blanco's 28 U.S.C. § 2255 arguments).

The court: Her role in the bank robbery isn't particularly sensational. She's not the one who charged him with the gun. She's not the one who fired off the guns. She had a - - I don't want to say a passive role, but a background role in the conspiracy, as you've alleged it. Page 15. Lines 2-7

The Court: Well, you know what I mean. It was that she didn't physically pull off the bank robbery. Her contribution was information. Page 15. Lines 13-15.

The Court: She's not the one who fired the gun. She's not the one who pistol-whipped somebody. Page 17. Lines 23-24.

18 U.S.C. § 371
Conspiracy is not classified as a crime of violence:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to affect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

The Honorable Cathy Seibel claims Ms. Blanco's role in the bank robbery was a minor conspiracy role.

The elements of conspiracy are to defraud the United States under 18 U.S.C. § 371 are: **(1) an agreement of two or more persons; (2) to defraud the United States; and (3) an overt act in furtherance of the conspiracy committed by one of the conspirators.**

**The Government can not establish or prove any of the elements required in the conspiracy statue to convict Ms. Blanco.** (Please see Ms. Blanco's 28 U.S.C. § 2255 arguments).

In most 924c cases, a group of people are indicted for possessing a firearm that was only physically possessed by one of the members of the criminal conspiracy. Technically, all of the members of the drug trafficking conspiracy or violent crime conspiracy could be charged with the possession of the firearm under 924(c) if they were aware that their co-conspirator possessed the weapon. This is a common issue that arises at trial or in plea negotiations.

However, the Government cannot establish that Ms. Blanco conspired with Giovanni Marte or had any prior knowledge that a firearm would be used during the commission of the robbery. Taylor had knowledge there would be a firearm and conspired with his co-defendant and was the getaway driver.

Please review the arguments raised in Ms. Blanco's 28 U.S.C. § 2255 motion. The Government did not meet the elements required to convict Ms. Blanco.

In conclusion, if Ms. Blanco's trial lawyer wasn't such a dullard, Ms. Blanco would not be in this situation. Ms. Blanco respectfully requests that the Honorable Cathy Seibel review her 28 U.S.C. § 2255 motion to see the grounds raised and how she does not meet the elements required to be convicted and how they can be applied in the Taylor argument. Furthermore Ms. Blanco humbly requests council is appointed and Ms. Blanco is heard on all grounds and her 28 U.S.C. § 2255 motion is granted.

Respectfully Submitted,

VB
Virginia Blanco