

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

September 12, 2022

**BY ECF**
The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    **United States v. Virginia Blanco**,
              S4 16 Cr. 408 (CS)

Dear Judge Seibel:

      The Government respectfully submits this letter in response to the defendant's letter dated August 19, 2022 (Dkt. No. 213 ("Def. Ltr.")).  In her letter, the defendant regurgitates arguments set forth in her habeas petition and cites to the inapplicable Supreme Court decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022).  Consistent with its prior orders, the Court should deny the defendant's request for counsel.

      As an initial matter, the Supreme Court's decision in *Taylor* has no bearing on the defendant's case.  The Court in *Taylor* concluded that *attempted* Hobbs Act robbery does not qualify as a crime of violence in order to serve as a predicate for an 18 U.S.C. § 924(c) conviction. *Taylor*, 142 S. Ct. at 2020.  As this Court had already noted, however, Blanco was convicted of "actual robbery," not "attempted robbery," which was at issue in the *Taylor*.  (*See* Dkt. No. 211). And the Second Circuit has made clear that it "agree[s] with all of the circuits to have addressed the issue," that completed Hobbs Act robbery is a crime of violence under the force clause for purposes of Section 924(c).  *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018).  Further underscoring the inapplicability of *Taylor* to the instant case, Blanco was not even convicted of Hobbs Act robbery, but of bank robbery, and the Second Circuit has already affirmed that bank robbery—in this case—is categorically a crime of violence.  *United States v. Blanco*, 811 F. App'x 696, 701 (2d Cir. 2020) ("We held in *United States v. Hendricks* that bank robbery in violation of 18 U.S.C. § 2113(a) is categorically a crime of violence. 921 F.3d 320, 327-28 (2d Cir. 2019).  Blanco's bank robbery conviction under § 2113 thus supplies the 'crime of violence" element.'").

      Instead of contending with the differences between *Taylor* and the case at hand, the defendant makes sweeping claims that are belied by the evidence presented at trial and the jury's

verdict. (*See, e.g.*, Def. Ltr. at 1 ("The Government can not prove that Ms. Blanco conspired with Giovanni Marte."); *id.* ("Ms. Blanco was not aware nor can the Government prove Ms. Blanco was aware that her alleged co-Defendant would carry or be in possession of a firearm.")). Next, the defendant argues that the "Government can not establish Ms. Blanco used physical force nor can the Government establish Ms. Blanco threatened or attempted to use physical force therefore Ms. Blanco's 924c charge does not meet the elements required to qualify as a crime of violence." (*Id.* at 2). But neither *Taylor* nor any other case law requires that the Government prove that the defendant herself threatened or attempted to use physical force to sustain her conviction. Rather, the defendant was convicted of aiding and abetting others in carrying out the violent robbery. And, as noted above, the Second Circuit has already found that bank robbery in violation of 18 U.S.C. § 2113(a) is categorically a crime of violence. Finally, the defendant misconstrues the Court's remarks in a pre-trial conference to argue that the Court already found that "Ms. Blanco is only guilty of conspiracy." (Def. Ltr. at 1). Needless to say, the Court never drew such a conclusion and the Government submits that the Court's previous remarks about the defendant's relative culpability has no bearing on the issues currently being litigated.

As the Court is aware, "there is no constitutional right to counsel in a proceeding brought under § 2255." *United States v. Geraldo*, No. 11 Cr. 1032 (PAE), 2021 WL 230282, at *4 (S.D.N.Y. Jan. 21, 2021) (*citing Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). The Criminal Justice Act ("CJA") provides that a court may appoint counsel to an indigent person in a § 2255 proceeding when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in the Second Circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See, e.g.*, *Bennett v. United States*, No. 03 Civ. 1852 (SAS), 2004 WL 2711064, at *7 (S.D.N.Y. Nov. 23, 2004). Those factors include the likelihood of success on the merits, the complexity of the legal issues, and the movant's ability to investigate and present the case. *See, e.g., Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In denying the defendant's request for counsel a second time, the Court noted that it does "not regard the [defendant's habeas] petition as unusually complex" nor has it "determined that a hearing is necessary." (Dkt. No. 211). For the reasons outlined above, the Supreme Court's decision in *Taylor* has no applicability to the instant case and should not disturb the Court's conclusion that an appointment of counsel is unnecessary at this juncture. Accordingly, the Government respectfully requests that the Court deny the defendant's request for counsel.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney

By:   /s/
       Sam Adelsberg / Jamie Bagliebter
       Assistant United States Attorneys
       (212) 637-2494 / 2236

cc: Defendant Virginia Blanco (by mail)