UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                  ORDER

VIRGINIA BLANCO,                       No. 16-CR-408-3 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Virginia Blanco's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 215 at 2-16.)

      On May 29, 2019, Defendant was sentenced principally to 120 months' imprisonment on her convictions for bank robbery conspiracy, bank robbery, and aiding and abettting the discharge of a firearm during and in relation to a crime of violence. (ECF No. 161.) That sentence was the mandatory minimum applicable to her case. She has served a little more than 60 months. She argues that her sentence should be reduced because: 1) her family needs her; 2) she suffers from migraines; 3) she was compliant while on pre-trial release; 4) she had a minor role in the offense and three of her co-defendants have been released; 5) she has engaged in programming and useful work while imprisoned; and 6) there was inconsistent testimony and insufficient evidence of guilt at her trial.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a

danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).[1]

    Separation from family members is one of "the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on h[er] [family] . . . that does not constitute an extraordinary and compelling reason" to reduce her sentence. *Id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common to almost all families of

---

[1] The Court will send Defendant copies of any unpublished decisions cited in this Order.

incarcerated people, and do not constitute extraordinary or compelling factors."). Luckily Defendant has a sister who can assist Defendant's mother, who cares for Defendant's children.

It is likewise unfortunate that Defendant is suffering from painful headaches, but by her account she is receiving pain medication and medical attention within the Bureau of Prisons ("BOP"). *See United States v. Zubkov*, 460 F. Supp. 3d 450, 455 (S.D.N.Y. 2020) (no extraordinary or compelling reason where defendant was stable and receiving proper medical attention).

Defendant's compliance with her conditions of pre-trial release does not give rise to extraordinary or compelling circumstances. Such compliance is not unusual and is legally required. Nor does the release of the co-defendants rise to the required level in the circumstances here. Defendant was the only participant in the conspiracy who did not accept responsibility and some of the others also cooperated with the Government. Defendant was offered dispositions that would have avoided the mandatory minimum term, (ECF No. 118 at 76-77), and she had every right to refuse them and put the Government to its proof. But is not unusual, unjust or unexpected that defendants who work out a plea bargain and accept responsibility (let alone cooperate) often, if not usually, end up doing less time than even less culpable co-defendants who are convicted at trial of an offense carrying a substantial mandatory minimum.

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C.A. § 994(t), but I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction. *See United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and

compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*). Defendant's participation in programming and in assisting other inmates is commendable, but it is not exceptional. Similarly, maintaining good conduct in prison[2] is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Finally, Defendant's attempt to attack the validity of her conviction does not warrant relief. The Second Circuit has held that "arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors." *United States v. Amato*, 48 F.4th 61, 65 (2d Cir. 2022), *cert. denied sub nom. Orena v. United States*, 143 S. Ct. 1025 (2023). It has not, however, addressed whether such arguments can be considered in assessing whether an 'extraordinary and compelling' reason justifying early release exists." *United States v. Wang*, No. 11-CR-730, 2022 WL 2668252, at *5 (S.D.N.Y. July 11, 2022), *appeal filed*, No. 22-1821 (Aug. 18, 2022). But I believe that such arguments would be barred by the reasoning in *Amato*: "If a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations. A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582." *Amato*, 48 F.4th at 65; *see United States v. Antney*, No. 17-CR-229, 2021 WL 4502478, at *5 (E.D.N.Y. Sept. 30, 2021) ("A motion for compassionate release should not be used to attack the

---

[2] Defendant candidly admits to three disciplinary reports in prison, two of which sound serious. (ECF No. 215 at 5.)

4

legitimacy of a judge's imposed sentence – such an attack is properly brought on direct appeal or in a habeas petition, not in a motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A). . . . To hold otherwise would be to allow compassionate release motions to act as an end run around the limitations imposed by § 2255.); *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) ("[T]he Court believes that it would be both improper and inconsistent with the First Step Act to allow Lisi to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition."), *reconsideration denied*, No. 15-CR-457, 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020). Petitioner's appeal of her conviction has already been rejected by the Second Circuit, *see United States v. Blanco*, 811 F. App'x 696 (2d Cir. 2020), and her § 2255 petition is pending.  To the extent Defendant raises constitutional issues – which she acknowledges are not properly considered on this motion, (ECF No. 215 at 6) – they will be addressed, to the extent appropriate, in the forthcoming decision on her § 2255 motion.

In short, the factors to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling circumstances.  I thus need not address the § 3553(a) factors.

For the reasons stated above,, the motion is denied.  The Clerk of Court is respectfully directed to send a copy of this Order to Virginia Blanco. No. 79564-054, FDC Philadelphia Federal Detention Center, P.O. Box 562, Philadelphia, PA  19105.

Dated: July 26, 2023
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.